UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOUSTON SPECIALTY
INSURANCE COMPANY,

      Plaintiff,

v.                                          CASE NO.: 8:15-CV-01788-EAK-MAP

W&J GROUP ENTERPRISES, INC.,
d/b/a Seabreeze Lounge,
WESLEY ALLEN BROWN, and
SHERRI MAPEL,

      Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND COSTS**

**THIS CAUSE** comes before the Court on the Motion for Attorney's Fees and Costs and Incorporated Memorandum of Law (Doc. 37) and the Reply to Plaintiff's Memorandum of Law in Response to Defendant's Motion for Attorney's Fees and Costs (Doc. 46) filed by W&J GROUP ENTERPRISES, INC. d/b/a SEABREEZE LOUNGE and WESLEY ALLEN BROWN ("**Defendants**") and Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Attorney's Fees and Costs (Doc. 41) filed by HOUSTON SPECIALTY INSURANCE COMPANY ("**Plaintiff**"). For the reasons below, Defendants' Motion is **DENIED**.

I.    **Introduction**

The issue presented in the instant case turns upon whether a joint-contribution by both Plaintiff and Defendants that leads to settlement of an underlying tort claim produces a prevailing party who is entitled to attorney's fees after dismissal of a related action for declaratory judgment. We hold that it does not because the decision to settle the underlying tort

1

claim was not a unilateral decision by Plaintiff-insurer but rather a joint-effort evidenced by a voluntary $3,000.00 contribution by Defendants. Further, dismissal without prejudice of a two-count complaint that contains a count for entire recession of the insurance policy fails to equate to a "confession of a judgment" by Plaintiff. Accordingly, Defendants' Motion for Attorney's Fees is **DENIED**.

**II.     Background**

To commence this suit, Plaintiff filed the Complaint for Declaratory Relief and Rescission of an Insurance Policy ("**Complaint**"). Doc. 1. In the Complaint, Plaintiff sought (1) a judgment declaring that Plaintiff has no obligation to defend or indemnify Defendants in relation to the claims by Mapel in the underlying suit and (2) a rescission of the entire policy issued to Defendants because of Defendants' misrepresentations in the application for the policy. Doc. 1 at 5–7. The Parties agreed to settle the underlying tort claim with Mapel for $653,000.00, of which Defendants voluntarily contributed $3,000.00. Doc. 37 ¶ 2; Doc. 37 Ex. A; Doc. 41 at 3. However, prior to settlement, Plaintiff filed a Notice of Voluntary Dismissal of Claims Without Prejudice ("**Dismissal**") in the instant case. Doc. 33. In response to the Dismissal, Defendants filed the Motion for Attorney's Fees and Costs and Incorporated Memorandum of Law ("**Motion for Fees**") in which Defendants contend their entitlement to attorney's fees as a prevailing party based on Plaintiff's concession on the merits of the case pursuant to the settlement of the underlying claim. Doc. 37. In response, Plaintiff filed the Memorandum of Law in Opposition to Defendants' Motion for Attorney's Fees and Costs ("**Plaintiff's Opposition**") in which Plaintiff contends that the settlement payment was not a "concession on the merits" and therefore bars Defendants from requesting fees in the instant action. Doc. 41. Defendants

subsequently filed the Reply to Plaintiff's Memorandum of Law in Response to Defendant's Motion for Attorney's Fees and Costs ("**Defendants' Reply**"). Doc. 46.

### III. Legal Standard

Defendants move the Court for an award of attorney's fees pursuant to Fla. Stat. §§ 627.428 and/or 626.9373. Doc. 37 at 1. These statutes provide for the award of a reasonable sum as fees for the insured's attorney upon judgment against an insurer in favor of the insured. *See* §627.428, Fla. Stat.[1] The purpose of these statutes is to discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their insurance contracts. *See Jerkins v. USF & G Specialty Ins. Co.*, 982 So.2d 15, 17 (Fla. 5th DCA 2008) (quoting *Progressive Express Ins. Co. v. Schultz*, 948 So.2d 1027, 1029-30 (Fla. 5th DCA 2007)). Modifying the reach of the statute, the "confession of a judgment" rule awards fees in cases where the insurer settles or pays a disputed claim before the rendition of judgment. *Tampa Chiropractic Center, Inc. v. State Farm Mut. Auto Ins. Co.*, 141 So.3d 1256 (Fla. 5th DCA 2014) (quoting *Basik Exports & Imports, Inc. v. Preferred Nat. Ins. Co.*, 911 So.2d 291, 293 (Fla. 4th DCA 2005). "When the insurer has agreed to settle a disputed case, 'it has, in effect, declined to defend its position in the pending suit,' and its 'payment of the claim is . . . the functional equivalent of a confession of judgment or a verdict in favor of the insured.'" *Tampa Chiropractic Center, Inc*, 141 So.3d at 1258 (citing *Wollard v. Lloyd's and Companies of Lloyd's*, 439 So.2d 217, 218 (Fla. 1989)). However, for the confession of judgment doctrine to apply, the insurer must have unreasonably withheld payment under the policy, *id.* at 219 n. 2, or engaged in some other wrongful behavior that

---

[1] Both Florida Statutes §§ 627.428; 626.9373 provide for a reasonable sum as fees for the insured's attorney prosecuting the claim in the event of judgment or decree in favor of the insured against the insurer. Accordingly, the Order will pertain to entitlement under both statutes.

forced the insured to sue, *Gov't Emps. Ins. Co. v. Battaglia,* 503 So.2d 358, 360 (Fla. 5th DCA 1987).

IV. **Analysis**

Defendants contend that the settlement of the underlying tort claim is the functional equivalent of a judgment in Defendants' favor. We disagree. An insurer who unilaterally decides to settle a disputed claim and later dismisses its related declaratory judgment action is liable to the insured for an award of attorney's fees because it was the insurer's unilateral action that "set in motion the events that make it legally responsible" to the insured for an award of attorney's fees. *Mercury Ins. Co. of Fla. V. Cooper*, 919 So.2d 491 (3d DCA 2005). In *Mercury*, the plaintiff-insurer filed a declaratory judgment action against the insured to determine its rights and duties under the policy after an injured third-party submitted a claim against the insurer after being injured by the insured in an automobile accident. *Id.* at 492. Prior to judgment, plaintiff-insurer unilaterally settled the claim with the injured third-party and subsequently filed a voluntary dismissal of the declaratory judgment action. *Id.* The court subsequently ruled in favor of defendant-insured on the motion for attorney's fees because where an insurance company unilaterally settles a claim and voluntarily dismisses a related declaratory judgment action without qualifying or limiting the dismissal, the attorney's fees statute is triggered. *Id.* Here, Plaintiff limited the dismissal by filing with prejudice, primarily to allow the refiling of the entire rescission claim. It can hardly be argued that Defendants' voluntary contribution of $3,000.00 failed to influence Plaintiff's decision to settle. Rather, the settlement with jointly-contributed funds serves more as a negotiated alternative that coincidentally allows Defendants to escape the possibility of a "huge verdict involving uncovered [punitive] damages." Doc. 46 at 2. There was no unadulterated concession on the merits by Plaintiff due to the influence of

4

Defendants' $3,000.00 contribution.[2] Accordingly, Defendants are not entitled to an award of reasonable attorney's fees.

Further, Defendants were not forced to sue Plaintiff in order to resolve the underlying claim. To trigger the confession of judgment doctrine, the insurer must unreasonably withhold payment under the policy, *Wollard*, 439 So.2d at 219 n. 2, or engage in some other wrongful behavior that forces the insured to sue. *Battaglia*, 503 So.2d at 360. Plaintiff did neither. The misrepresentations made by Defendants in the policy application served as a legitimate basis for Plaintiff to withhold payment and is not "wrongful behavior" that would trigger the confession of judgment doctrine in the first place. *Wollard*, 439 So.2d at 219, n. 2; *Battaglia*, 503 So.2d at 360. Nevertheless, Defendants are not entitled to an award of attorney's fees under the confession of judgment doctrine.

In the Motion for Fees, Defendants rely on a similar case decided in the Middle District of Florida where plaintiff-insurer filed suit against a bar and its owner in which plaintiff-insurer sought declaratory relief to determine the rights and obligations pursuant to the insurance policy. *Houston Specialty Insurance Co. v. Jensen Liquor Store, Inc. d/b/a Pete's Bar*, No. 3:14-CV-1306-J-30JRK (M.D. Fla. Feb. 8, 2016). While the parties in that case and the instant case may share similar roles, the facts are distinguishable. In *Jensen*, the plaintiff sought a declaratory judgment in a single-count complaint of a policy under a theory that defendants negligently breached their duty in operating the bar in a safe condition in one instance. *See Jensen Liquor Store, Inc.*, Doc. 31 at 2. The court ultimately determined that defendants were not entitled to

---

[2] Even if Plaintiff conceded on the merits of the declaratory judgment count, Plaintiff's request to rescind the entire policy based on Defendants' misrepresentations still looms. Accordingly, we are unwilling to see the joint-settlement between Plaintiff and Defendants as Plaintiff's withdraw to defend its position in the rescission count. *See Tampa Chiropractic Center, Inc*, 141 So.3d at 1258.

fees and analogized the facts to cases in which no judgment on the merits was rendered because the action remained ongoing and the case was dismissed without prejudice. *See Jensen Liquor Store, Inc.,* Doc. 31 at 7. While the court distinguishes cases in which the insurer settles the underlying claim and cases in which settlement is not reached, we find such dichotomy inapplicable to the facts of this case. Here, unlike in *Jensen*, Plaintiff filed a two-count complaint. Notably, one count requests an entire rescission of the insurance policy—action that would apply to not only the instant claim, but all claims against Defendants in the future. Thus, while the underlying action was settled and the instant case was dismissed, Plaintiff remains poised to refile the rescission action.

Accordingly, it is **ORDERED** that Defendants' Motion for Attorney's Fees and Costs and Incorporated Memorandum of Law is **DENIED**. Further, the Clerk is **directed** to dismiss this case with prejudice pursuant to docket number 33. The case shall be closed.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of July 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

Copies to: All parties and counsel of record